COY, APPELLANT, *v.* THE REGISTRAR OF SAN JUAN, SECTION 1, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denyang Admission to Record in Part of a Deed of Conveyance of Joint Interest.

No. 209.—Decided May 6, 1915.

RECORD OF TITLE—CONVEYANCE BY HEIRS IN REPRESENTATION OF PREDECESSOR.— When the heirs of a person carry out an unperformed obligation of the latter, whether proceeding voluntarily or under compulsion, by executing a deed of conveyance as formal evidence of the actual transfer of ownership already made, so as to enable the purchaser to place his title on record, no prior record in the name of the parties executing the deed is required inasmuch as the record appears in the name of the person in whose behalf and representation the conveyance is made.

The facts are stated in the opinion.
*Mr. José E. Benedicto* for the appellant.

Mr. José S. Belaval, the respondent registrar, appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

From the recitals contained in a deed of conveyance of undivided interests, dated September 15, 1913, it appears that five sisters and a brother, Salvadora Dámasa, Inés Teresa, Gregoria de la Concepción, María del Carmen Magdalena, Margarita Elisa Coy y Tizol and Luis Coy y Tizol, each inherited from their mother an undivided interest of one-sixth of two-fifths of a certain property, the title to the other three-fifths being vested in a seventh joint-owner, Rafael Tizol Romero, and each of these titles appearing of record; that by deed dated November 30, 1892, Rafael Tizol Romero and Luis Coy y Tizol sold to María del Carmen Magdalena, the first his three-fifths interest and the second his one-sixth of two-fifths, and the conveyance was duly recorded; that some sixteen years prior to the date first above mentioned Salvadora Dámasa, Inés Teresa, Gregoria de la Concepción and Margarita Elisa likewise sold their respective interests to Magdalena Coy y Tizol, but did not execute any instrument eligible to record; that on October 27, 1906, Margarita Elisa died intestate leaving neither ascendants nor descendants, the surviving brother and sisters being her sole and universal heirs.

Under these circumstances Salvadora Dámasa, Inés Teresa and Gregoria de la Concepción, by virtue of the instrument first aforesaid, "acknowledge having sold" and do "sell, renounce and convey" unto María del Carmen Magdalena their three-sixths of two-fifths interest in the property described therein, together with all its appurtenances, etc., and the usual warranty. Then in the same instrument and together with Luis Coy y Tizol the said vendors, "as heirs of their deceased sister, Margarita Elisa Coy y Tizol, solemnly set forth that the latter likewise sold to María del Cármen Magdalena her undivided interest of one-sixth of two-fifths of the property described for the sum of one hundred *pesos,*

which the said sister received from the purchaser to her full satisfaction; wherefore, as heirs of such deceased sister, they affirm and acknowledge that María del Carmen Magdalena is the sole and lawful owner of the said interest of Margarita Elisa Coy y Tizol."

Record of this instrument was refused as to the one-sixth of two-fifths interest acknowledged to have been sold by Margarita Elisa Coy y Tizol sixteen years before the execution thereof, "for failure to request, as required by law, the previous record of said interest in favor of the heirs of the predecessor in interest."

The registrar relies principally upon a decision of the *Dirección General de los Registros de España* rendered November. 3, 1879, which, so far as we are advised, has never been followed by any other to the same effect, and has been severely criticised by Galindo and Escosura, who take the contrary view. See subdivision 10 of the Commentary on article 20 of the Mortgage Law, 2 *Legislación Hipotecaria* (1903), pages 180–185.

It is quite clear that upon the death of Margarita Elisa Coy y Tizol the surviving brother and sisters, in so far as the property in question is concerned, took nothing. They had nothing to record. They could convey nothing. They could, of course, carry out the unperformed obligation of the deceased sister to execute a deed of conveyance as formal evidence of the actual transfer of ownership already made, in order to enable the purchaser to place her title on record, and in case of refusal could no doubt be compelled to do so; but in such event, whether proceeding voluntarily or under compulsion, they would act in a representative capacity in the name and on behalf of the said deceased and not in their own right as the owners by inheritance of the interest in question. A compliance with the requirement implied in the ruling of the registrar would therefore involve an unmitigated misstatement of fact upon the record. Manifestly the

law cannot contemplate, nor does it intend to sanction, such a practice.

The ruling of the registrar cannot be sustained upon the ground assigned by him as the basis thereof and must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.